IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIMOTHY CARL THORSEN, | |
| Plaintiff, | No. CV 06-96-MO |
| v. | OPINION AND ORDER |
| STAN CZERNIAK, et al., | |
| Defendants. | |

**MOSMAN, J.,**

      Defendants move for summary judgment on prisoner plaintiff's 42 U.S.C. § 1983 pro se action for deliberate indifference to his serious medical need in violation of the Eighth Amendment. For the reasons stated below, defendants' motion (#28) is GRANTED.

BACKGROUND

      Plaintiff brings suit alleging defendants violated his Eighth Amendment right against cruel and unusual punishment by refusing to let him purchase prescription eyeglasses on credit. He seeks damages for pain and suffering as well as mental anguish.

      Plaintiff was issued prescription eyeglasses in September 2003 and was permitted to charge them against his inmate trust account while in custody of the Oregon Department of

PAGE 1 - OPINION AND ORDER

Corrections. When he accidently broke those glasses by sitting on them, he requested that his glasses be repaired. Prison Health Services determined that plaintiff's glasses were beyond repair but that he could purchase a new set of frames for $6.10. Not having the required funds, plaintiff petitioned the Eyeglass Review Committee ("ERC") to charge the replacement costs to his inmate trust account as an indigent inmate. The ERC denied plaintiff's request. At the time of his request, plaintiff's eyeglass prescription was 20/70, and his inmate trust account had a negative balance of approximately $3,000.

Defendants move for summary judgment arguing that: (1) defendants did not act with deliberate indifference to plaintiff's serious medical need; (2) defendants are entitled to qualified immunity from liability because they did not violate plaintiff's clearly established constitutional rights; and (3) respondeat superior liability is not available in § 1983 claims.

## STANDARD OF REVIEW

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court views the record in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If the movant initially shows that no genuine issue exists for trial, the non-movant cannot then rest on the pleadings but must respond with evidence setting "forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (internal quotation marks and citation omitted).

## DISCUSSION

Prison medical care violates the Eighth Amendment's prohibition against cruel and unusual punishment and gives rise to § 1983 liability if the conduct complained of constitutes

PAGE 2 - OPINION AND ORDER

deliberate indifference to the prisoner's serious medical needs. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

The Ninth Circuit's test for deliberate indifference is twofold. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). First, a plaintiff must show that the failure to treat his medical condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Id.* (citation omitted). Second, a plaintiff must show the prison officials response to that need was deliberately indifferent. *Id.* This second prong requires a showing that the officials knew of and purposefully disregarded an excessive risk to the prisoner's health and safety, as well as harm caused by the indifference. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jett*, 439 F.3d at 1096. Although a prisoner is not required to show that his harm was substantial, such would provide additional support for his claim. *Jett*, 439 F.3d at 1096.

Here, plaintiff's claim fails at each level. First, plaintiff did not show that the ERC's refusal to charge his inmate trust account for the replacement cost of frames would result in further significant injury or the unnecessary and wanton infliction of pain. *See id.* Although plaintiff contends his visual impairment has worsened, the eye examination plaintiff provides in support of that contention indicates his vision has not deteriorated but has remained the same. Plaintiff's bald assertion that his vision is now worse is insufficient to defeat summary judgment. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (summary judgment cannot be defeated by relying on unsupported conclusory statements).

Second, plaintiff has not demonstrated that defendants' denial of his request to charge the replacement costs of his eyeglasses equates to the disregard of an excessive risk to his health and safety. *See Farmer*, 511 U.S. at 847; *Gibson*, 290 F.3d at 1187. Defendants have not denied plaintiff medical care. In fact, defendants previously diagnosed and treated plaintiff's visual impairment. Moreover, plaintiff has failed to demonstrate any harm caused by the ERC's decision not to provide him credit to purchase new glasses. *See id.* There is no allegation that plaintiff cannot work or function as a result of the ERC's decision.

PAGE 3 - OPINION AND ORDER

Accordingly, plaintiff has not shown defendants' decision to not charge his inmate trust account for the replacement cost of his eyeglasses constitutes a deliberate indifference to a serious medical need. Because the court finds there was no constitutional violation, it is unnecessary to address defendants' qualified immunity and respondeat superior arguments.

## CONCLUSION

Plaintiff has failed to show that defendants' conduct constitutes a deliberate indifference to a serious medical need. Defendants' motion for summary judgment is GRANTED, and the case is DISMISSED.

IT IS SO ORDERED.

DATED this  26th  day of January, 2007.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court